Edward M. O’Gorman, J.
The defendant has heretofore pleaded guilty in the Justice Court of the Town of Monroe to violations of section 511 and subdivision (b) of section 306 of the Vehicle and Traffic Law, and was sentenced to a term of 180 days in the Orange County Jail and to pay a fine of $500. He was thereafter committed to the Orange County Jail.
Pursuant to CPL 460.50 the defendant was released by *76 order of this court, pending his appeal of his conviction, and was admitted to bail in the sum of $500 which was posted in cash with the Orange County Commissioner of Finance. The appeal not having been submitted to the Appellate Term of the Supreme Court within the period of time required by subdivision 4 of CPL 460.50, and the defendant not having surrendered himself to the Town Justice of the Town of Monroe pursuant to said section, an application has been made to this court, pursuant to CPL 540.20 for an order requiring the Commissioner of Finance to remit to the Town Justice of the Town of Monroe the sum of $500, representing the bail posted by the defendant upon his release pending appeal.
The application is opposed by the Orange County Commissioner of Finance on the ground that, pursuant to the provisions of CPL 540.10 forfeited cash bail must be deposited with him to the use of the county.
Unless other statutory directions are controlling, it would seem that the disposition of the bail in this case must be governed by the provisions of CPL 540.10.
CPL 540.20, relied on by the township, limits its application to cases arising "when bail has been posted in a * * * town court * * * in connection with a local criminal court accusatory instrument, other than a felony complaint”, and requires the Town Court to pay the forfeited bail to the State Comptroller, to be credited to the township in which it is located.
It is true that in a general way, the appeal involved in this case is "in connection with a local criminal court accusatory instrument”. However, it should be borne in mind that the proceeding whereby application is made to a Justice of the Supreme Court for release on bail pending appeal is not a proceeding in the Town Court, and bail posted in connection therewith, pursuant to the statutory mandate of CPL 460.50, is not posted in the Town Court.
The fact that the Legislature required bail on appeal to be deposited with the Commissioner of Finance (CPL 520.15) must indicate an intention on the part of the Legislature to distinguish such bail from the bail referred to in CPL 540.20, which section requires the Town Court to pay the forfeited bail to the State Comptroller. In the case before the court, the Town Court never had in its possession the bail which CPL 540.20 requires it to pay over to the State Comptroller.
The "fee” system whereby the Town Courts and other *77 officials to a large extent supported themselves has largely been abolished (see Town Law, § 27). The modern policy of the State is to award to the particular political subdivision those funds which are generated by the courts for which it is financially responsible. In this case, to permit the Commissioner of Finance to retain the forfeited bail is in accord with that policy, and in accord with the provisions of CPL 540.10.
For the foregoing reasons, the application for an order directing the Commissioner of Finance to pay over to the Town Justice of the Town of Monroe the bail posted by the above-named defendant is hereby denied.